Texas & Pacific Railway Company v. J. T. Pemberton.

Decided May 26, 1906.

**1.—Grass Burned—Market Value.**

Testimony as to what the grass upon land would be worth to the owner for a certain purpose is not evidence of its market value.

**2.—Burning Grass—Spark Arresters—Issue.**

In a suit for setting fire to grass by sparks from a locomotive, there being no evidence as to the character or condition of the spark arrester on the locomotive, it was error to submit that issue to the jury.

Appeal from the County Court of Midland County. Tried below before Hon. L. M. Murphy.

*H. E. Crowley,* for appellant.

*Camp & Caldwell,* for appellee.

STEPHENS, ASSOCIATE JUSTICE.—Appellee sued appellant for the value of grass burned and for injury to the turf on 204 acres of land in Midland County, the date of the fire being August 27, 1904. He was allowed two hundred and thirty-four dollars (besides interest) for the loss of the grass, but was denied any recovery on account of injury to the turf.

The only proof offered of the value of the grass was thus made by witness L. C. Wall:

"(By plaintiff.)  'Is there, or not, a market value for grass here, Mr. Wall, in this country as it stands on the ground?"

"A.  ·'Yes, sir.'

" 'What would be the market value of that grass on this territory of Mr. Pemberton's that was burned?' "

Defendant objected to the witness answering this question, for the reason that he had not stated that he knew the market value of the grass. Whereupon plaintiff asked the following question:

" 'Do you know, Mr. Wall, what that market value was for the grass on this section, No. 33?"

"A.  'Yes, sir, I have got a pretty good idea.'

" 'What was that market value, Mr. Wall?'

"A.  'On that particular section of land, the number of cattle there, was out there at the time, and what it was used for and was going to be used for, I would take it that that grass was worth anywhere from $1.50 to $2.00 an acre.' "

The defendant objected to said answer: 1. Because the witness had not qualified under the rule sufficiently to authorize him to make such statement.

2. Because the witness goes on to state that this particular grass, for the purpose for which it was used and was going to be used, and the character of cattle that was on it at the time, is the basis for his answer. The witness was not asked any such question, and his answer was not responsive to the question asked, and showed conclusively that it was not based on the market value of the grass.

The witness volunteered the following response to defendant's objection:

"The Witness:  'I do not want to appear as placing myself in a ridiculous position in giving that value to that grass. I wanted to state what kind of cattle that he had out there and what he was using it for.' "

Plaintiff then asked the question:

Q.  'What was the value of the grass on this particular section at the time, Mr. Wall; the market value of the grass?'

A.  'Well, reserving those conditions to myself, I will say that it is from $1.00 to $2.00 per acre; I would say that it was worth $1.50, perhaps not as much as $2.00 per acre.' "

The defendant insisted upon its objections to each and all of said testimony, and moved the court to exclude it from the consideration of the jury, which objection and motion the court overruled.

By another witness offered by appellee the fact that the grass had a market value was proved, but he did not know what it was; and it is evident from what is quoted above that if Wall knew, he did not state it correctly. He undertook to substitute something for market value which was not market value, and the court erred in permitting this to be done. He seemed to be conscious of the fact that he would be placing himself in a ridiculous position to say that wild grass in Midland County in the month of August, 1904, was worth on the market from $1.50 to $2.00 per acre.

Some other rulings complained of are erroneous, but as presented in the brief would not, perhaps, require the judgment to be reversed.

In view of another trial, we suggest that the demurrer to appellant's answer should be overruled; also, if appellant should fail, as on last trial, to offer any proof as to the character of its spark-arresters, that issue should not be submitted to the jury, as was done in the fourth and fifth paragraphs of the charge; and, also, the testimony quoted in the fourth bill of exceptions should not be admitted.

*Reversed and remanded.*